**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLIE DUTTON; AMERICAN ASSOCIATION OF WOMEN, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DAVID S. WESLEY, in her official capacity as Presiding Judge of the Superior Court of California, County of Los Angeles; ANN I. JONES, in her official capacity as a Judge of the Superior Court of California, County of Los Angeles; D. BRETT BIANCO, in his official capacity as Court Counsel to the Superior Court of California, County of Los Angeles, <br><br> Defendants - Appellees. | No. 12-56162 <br><br> D.C. No. 2:12-cv-01888-R-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs-Appellants Leslie Dutton and the American Association of Women, Inc., appeal the district court's order dismissing their complaint in this 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* an order granting a motion to dismiss for failure to state a claim. *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1018 (9th Cir. 2011). We reverse the district court's order dismissing the complaint and remand for further proceedings.

The empty courtroom that the plaintiffs sought to access to film their documentary is either a nonpublic forum or a limited public forum. *See Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 966 (9th Cir. 2002), *abrogated in part on other grounds by Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Either way, speech restrictions are impermissible unless they are reasonable in light of the purposes served by the forum and viewpoint neutral. *Wright v. Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128, 1138 n.5 (9th Cir. 2011); *see also Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106–07 (2001); *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985).

The plaintiffs' complaint includes enough factual content to permit the reasonable inference that the defendants denied the plaintiffs' request to access the courtroom because of the plaintiffs' viewpoint. *See Ashcroft v. Iqbal*, 556 U.S.

662, 676–78 (2009). The complaint alleges that another news outlet was permitted to access the same courtroom to report on the same subject, that the plaintiffs had a history of being critical of the defendants, and that the defendants were aware of this criticism. We can reasonably infer from the facts asserted that the plaintiffs were treated differently because of their viewpoint. *Cf. Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970–71 (9th Cir. 2009). We acknowledge that the defendants might have viewpoint-neutral reasons for excluding the plaintiffs while permitting others to engage in similar expressive activity on the same property. But "[t]he standard at this stage of the litigation is not that [the] plaintiff[s'] explanation must be true or even probable. The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" *Starr v. Baca*, 652 F.3d 1202, 1216–17 (9th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).

**REVERSED AND REMANDED.**